IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

"D" BY HIS NEXT FRIEND, KURTIS B,
JENNIFER B.,

    Plaintiffs,

    v.                                    Case No. 11-CV-0773

JAMES KOPP, JAN MORAVITS, LISA RINIKER, GRANT COUNTY, GRANT COUNTY DEPARTMENT OF SOCIAL SERVICES,

    Defendants.

---

### DEFENDANT RINIKER'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS

---

In this action, anonymous plaintiffs, a minor child, "D", and his parents, "Kurtis B." and "Jennifer B." have filed an amended complaint alleging various claims against Grant County (Wisconsin) District Attorney Lisa Riniker for millions of dollars in damages. On April 11, 2012, the court dismissed plaintiffs' claims against Riniker based on prosecutorial immunity. (dkt # 53). Despite the dismissal without prejudice, the court noted that it "seems highly unlikely that plaintiffs can save their claims with additional allegations", and warned them that to survive another motion to dismiss, they must "identify more clearly alleged constitutional violations" against Riniker. (dkt # 53 at 18-19).

The plaintiffs failed to heed the courts advice and their second amended complaint fares no better than the first two. Again, the plaintiffs present a complaint that fails to state any viable claim against Riniker upon which relief can be granted. Because this case is wholly without merit, it must be dismissed with prejudice.

## OVERVIEW OF PLAINTIFFS' AMENDED COMPLAINT

In this most recent operative pleading, plaintiffs bring nine counts, seven of which are against District Attorney Riniker. Count I alleges a "Deprivation of Equal Protection of the Laws." (2nd Am. Compl., at 13). Count II alleges a "Deprivation of Procedural Due Process." (Id. at 14). Count III alleges a "Deprivation of Substantive Due Process." (*Id.* at 16). These counts are brought pursuant to the Fourteenth Amendment to the United States Constitution, via 42 U.S.C. § 1983. Count IV, which alleges "Unlawful Seizure and Malicious Prosecution," is brought pursuant to the Fourth Amendment. (*Id.* at 18). Count V alleges "Cruel and Unusual Punishment," and is brought pursuant to the Eighth and Fourteenth Amendments. (*Id.* at 19). Count VIII alleges a violation of "Wisconsin State Common Law Abuse of Process," (*id.* at 25), and Count IX alleges a violation of "Wisconsin State Common Law Intentional and/or Negligent Infliction of Emotional Stress." (*Id.* at 27).

## ISSUES PRESENTED

**I.    Must plaintiffs' § 1983 claims and state law tort claims be dismissed because all alleged actions taken by defendant Riniker were done in her prosecutorial capacity, thereby implicating absolute immunity?**

**II.   Must plaintiffs' state law tort claims be dismissed for failure to comply with the notice of claim statute and failure to plead such compliance?**

## ARGUMENT

I.   PLAINTIFFS FAIL TO ALLEGE ANY ACTIONS TAKEN BY DEFENDANT RINIKER THAT FALL OUTSIDE OF HER PROSECUTORIAL DUTIES.

In its April 11, 2012 order, this court warned the plaintiffs that to survive another motion to dismiss, they must "identify more clearly alleged constitutional violations [against Riniker] that were not part of the judicial proceedings." (dkt # 53 at 19). They failed to do so. As such, their second amended complaint must be dismissed with prejudice.

Here, the allegations in the amended complaint concern the filing of a petition for protection and services for juvenile plaintiff "D" by Riniker, the Grant County District Attorney. Under the Wisconsin Juvenile Justice Code, a district attorney may file a petition for protection and services pursuant to Wis. Stats. §§ 938.13 and 938.25(1). Specifically, plaintiffs allege that Riniker engaged in numerous acts, which can be summed up as follows:

> 1. Communicated with Kopp and Moravits during the investigation process, and advised them on how to proceed against D.B. (2nd Am. Compl., ¶ 29).
>
> 2. Filed First Degree Sexual Assault charges against D.B. on November 12, 2010. (*Id.*, ¶ 32).
>
> 3. Filed two Disorderly Conduct charges against D.B. on December 6, 2010. (*Id.*, ¶ 35).
>
> 4. Took actions adverse to, and negatively impacting, D.B. during the court proceedings, which were not motivated by the prosecution of D.B., and not connected to the prosecution of D.B., but were motivated by her defense of the instant suit. (*Id.*, ¶ 39).

Every single allegation directed specifically at Riniker, except ¶ 29, concerns her prosecutorial duties. Each is directly associated with the judicial phase of the underlying juvenile proceeding, including filing charges and participating in the court proceedings. In other words, plaintiffs' allegations against Riniker involve no more than prosecutorial acts that are "intimately associated with the judicial process" and presenting the State's case, which entitles her to absolute immunity from suit. *Imbler v. Pactman*, 424 U.S. 409, 430-31 (1976). *See also Malachowski v. City of Keene*, 787 F.2d 704, 711 (1st Cir. 1986) (absolute immunity applied to city attorney in New Hampshire acting as prosecutor in juvenile delinquency proceeding).

Plaintiffs' allegation that Riniker acted in an investigatory capacity in the underlying juvenile proceeding, (2nd Am. Compl., ¶ 29), is a shameless attempt to circumvent Riniker's prosecutorial immunity. When prosecutors act in an investigatory capacity, they are not entitled

- 3 -

to absolute immunity, only qualified immunity. *See, e.g.*, *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). Here, the plaintiffs allege that "[d]uring the investigation process, KOPP and MORAVITS were also in communication with RINIKER, who advised them on how to proceed against D.B. Plaintiffs of course do not know the exact contents of those communications at this point in time." (2nd Am. Compl., ¶ 29). This groundless allegation cannot withstand the pleading requirements set forth by the Federal Rules of Civil Procedure and the U.S. Supreme Court.

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The threshold requirement of Rule 8(a)(2) is that the "plain statement" possesses enough heft to "sho[w] that the pleader is entitled to relief." *Id.* at 570. A complaint must include specific allegations that, if true, make plaintiff's claim for relief more than speculative. *Id.* at 555.

Further, a complaint must set forth "sufficient factual matter" to show that the claim is facially plausible. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009). While Rule 8's pleading standard does not require detailed factual allegations, a complaint cannot simply contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 678.

In plaintiffs' second amended complaint, ¶ 29 is a clear "naked assertion devoid of further factual enhancement." *Id.* The plaintiffs even admit that they have no idea what the contents of the communications between Riniker, and Kopp and Moravits were. It is merely

speculative that such communication even occurred and it is not apparent which claim this paragraph even supports.

This allegation contains nothing more than labels and conclusions, and the unadorned and improper "the-defendant-unlawfully-harmed-me accusations." *See Iqbal*, 556 U.S. at 678. Certainly an allegation such as this does not fulfill the pleading requirements set forth in *Iqbal and Twombly*. Consequently, all claims against Riniker must be dismissed yet again.

II. PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED BECAUSE THEY FAILED TO COMPLY WITH THE NOTICE OF CLAIM REQUIREMENTS.

Despite this court's warning that to do so would "seem to be futile in light of my conclusion that plaintiffs failed to comply with the notice of claim requirements," (dkt # 53 at 19), the plaintiffs again baldly assert state law tort claims against Riniker. As such, their failure to comply with Wis. Stat § 893.82 requires dismissal of the state law claims yet again.

Wisconsin Stat. § 893.82 "provides in part that no civil action may be brought against a state employee unless the party bringing the action serves written notice of the claim upon the state Attorney General 'within 120 days of the event causing the injury, damage or death giving rise to the civil action.'" Strict compliance with the statute is required. *Kellner v. Christian*, 188 Wis. 2d 525, 533, 525 N.W.2d 286 (Ct. App. 1994).

Moreover, a plaintiff must plead compliance with the notice of claim statute in order for in order to state a claim upon which relief can be granted. *Yotvat v. Roth*, 95 Wis. 2d 357, 360-61, 290 N.W.2d 524 (Ct. App. 1980). Failure to plead that a notice of claim was timely sent to the Attorney General defeats federal court jurisdiction. *See Saldivar v. Cadena*, 622 F. Supp. 949, 959 (W.D. Wis. 1985).

Here, plaintiffs do not address the courts' concerns and make absolutely no assertions in the second amended complaint that they sent a notice of claim to the Attorney General's Office

in accordance with Wis. Stat § 893.82. Indeed, they have not complied with the statute. As such, the state law claims must be dismissed against Riniker for lack of federal jurisdiction.

## CONCLUSION

WHEREFORE, defendant Riniker demands judgment dismissing plaintiffs' second amended complaint with prejudice and for such other relief as the court deems just and proper, including the award of Riniker's reasonable attorney fees and expenses.

Dated in Madison, Wisconsin this 16th day of May, 2012.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

/s Steven C. Kilpatrick
STEVEN C. KILPATRICK
State Bar # 1025452

/s Crystal A. Banse
CRYSTAL A. BANSE
State Bar # 1065307

Attorneys for Defendant Lisa Riniker

Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-0432 (Banse)
(608) 267-8906 (Fax)
*kilpatricksc@doj.state.wi.us*
*banseca@doj.state.wi.us*